**Wayne Perry BURGESS,
Plaintiff—Appellant,**

v.

**SAILORS' UNION OF THE PACIFIC,
a labor organization, Defendant—
Appellee.**

**No. 02–55854.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided April 22, 2003.

Before: PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Wayne Perry Burgess appeals the district court's summary judgment in his action brought under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.,* against the Sailors Union of the Pacific ("SUP"). Burgess sought damages and injunctive relief including reinstatement arising from his ouster, as a result of a union disciplinary proceeding, from his office as Port Agent of the Wilmington, California, branch of the SUP. The district court granted summary judgment to the union on the ground that removal from an elected union office does not constitute discipline under the LMRDA, 29 U.S.C. § 411(a)(5). The district court also found that the complaint did not state a claim for retaliation under § 411(a)(2). After the entry of judgment, Burgess filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), a motion for leave to file an amended complaint under Rule 15(a), and a proposed amended complaint adding a claim under § 411(a)(2). The motions were denied. Burgess appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

We review a grant of summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We review the denial of a Rule 59(e) motion for abuse of discretion. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001).

■ Burgess argues that, although his claim was expressly labeled as arising under the procedural due process protections of § 411(a)(5) and the complaint emphasized procedural violations, the district court erred in concluding that he did not also state a claim for violation of § 411(a)(2). Although the theory stated in the pleading is not controlling, *see Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir.1985), Burgess did not allege facts showing that his dismissal was the direct result of his intra-union political activity as required to state a claim under § 411(a)(2). *See Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142*, 269 F.3d 1042, 1058 (9th Cir.2001), *cert. denied*, 535 U.S. 1078, 122 S.Ct. 1961, 152 L.Ed.2d 1021 (2002).[1] Thus, the district court did not err in its summary judgment ruling.

■ Burgess also challenges the district court's denial of his post-judgment motions to amend the judgment and the complaint. He contends that, given the lenient amendment standards, the district court should have permitted him to amend his pleading to add the § 411(a)(2) claim. Burgess, however, and the cases he relies on, fail to recognize that here the motion to amend was not made until after the entry of judgment. In that posture, we require a plaintiff to reopen a case before amending a pleading. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir.2001). The rationale requiring courts to liberally grant leave to amend is inapposite after the entry of judgment. *Id.*

In order to succeed on his 59(e) motion, Burgess had to demonstrate that the district court was (1) presented with newly discovered evidence, (2) committed clear error, or (3) there was an intervening change in the controlling law. *Id.* This showing is a "high hurdle." *Id.* A judgment is not properly reopened "absent highly unusual circumstances." *Id.*

■ Burgess does not argue that newly discovered evidence or an intervening change in law supported his motion. Rather, he argues that the complaint and motion papers raised the retaliation claim. As previously discussed, the complaint does not adequately raise the claim. Thus, there was no error, much less clear error. In addition, we have held that district courts do not err in failing to consider issues that have not been plead but only raised in opposition to summary judgment. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999). Thus, the district court did not abuse its discretion in denying Burgess' Rule 59(e) motion.

---

**1.** Citing two Seventh Circuit cases, Burgess also argues that his discovery questions put SUP on notice of his § 411(a)(2) claim. These cases, however, are inapposite. *See Sundstrand Corp. v. Standard Kollsman Indus., Inc.*, 488 F.2d 807, 811–12 (7th Cir. 1973) (holding that the trial was not limited to the specific examples of wrongdoing alleged in the complaint when the plaintiff's answers to interrogatories identified other acts of wrongdoing that it would litigate under the same general theory); *Bob Willow Motors, Inc. v. Gen. Motors Corp.*, 872 F.2d 788–791–92 (7th Cir.1989) (rejecting the defendant's argument that it was not on notice of an unconscionability claim where it had previously argued that the unconscionability claim was "subsumed" in the complaint's wrongful termination claim). Here, the cited deposition questions emphasized bias and did not indicate that Burgess' intra-union political activity directly affected his removal.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.